Case Nos. 582640, 582638, 582639

# IN THE COURT OF COMMON PLEAS
# PROBATE DIVISION
# FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: | ) | JUDGE ROBERT MONTGOMERY |
| | ) | |
| ESTATE OF JAMES MUSIC | ) | Case No. 582640 |
| | ) | |
| ESTATE OF SUNI MUSIC | ) | Case No. 582638 |
| | ) | |
| ESTATE OF MYLEE MUSIC | ) | Case No. 582639 |
| | ) | |
| | ) | **REPLY BRIEF IN SUPPORT OF EXCEPTIONS TO PARTIAL ACCOUNT** |
| | ) | |

FILED CUSTOMER COPY #5
MAY 10 2018
Robert G. Montgomery, Judge
Franklin County Probate Court

## I. INTRODUCTION:

This matter arises out of a dispute about the payment of proceeds of a life insurance policy insuring the life of James Music. The payment of the policy proceeds to Suni Music was incorrect because she was deemed to have pre-deceased James Music under applicable Ohio law. Suni Music's estate cannot lawfully retain the proceeds of the life insurance policy, which must be returned to the estate of James Music.

The issue before the court is one of tragic circumstance — but settled case law. James Music, his wife Suni Music, and daughter Mylee Music were all victims of a fatal automobile accident on Christmas Eve in 2016. James Music died on impact. His wife shortly followed thereafter (pronounced dead less than an hour later) and then his daughter (pronounced dead approximately eleven hours later). As a matter of law, under the Uniform Simultaneous Death Act, Ohio determined if an individual does not survive another individual or event by at least one hundred and twenty (120) hours, they are deemed to have predeceased the first for all property claims that rely on survivorship and are not subject to defined exceptions. Neither Suni Music nor Mylee Music survived James Music by 120 hours; therefore, proceeds from James Music's life

1

insurance policy should have been paid to the estate of James Music, or directly to his parents pursuant to the terms of the governing instrument.

## II. STATEMENT OF FACTS:

The following facts are undisputed. On December 24, 2016, James Music was traveling on interstate 270 with his wife Suni Music, and their daughter Mylee Music. Tragically, an intoxicated driver crossed the median striking the Musics' vehicle, killing James Music, his wife, and child. The undisputed order of deaths were:

- James Music died on impact, and was pronounced dead at 4:21 PM.
- Suni Music died at the hospital, and was pronounced dead at 5:05 PM.
- After efforts to revive her, Mylee Music was pronounced dead the next day, December 25, 2016 at 3:02 AM.[1]

The family had no surviving children. James Music was survived by his parents, Joyce and Ernest ("Bud") Music, while Suni was survived by her parents Cynthia Noble, and James Olson.[2] The surviving parents consented to the appointment of Cynthia Noble's daughter, Traci Clemens, to act as the fiduciary of all three estates. Ms. Clemens proceeded to administer the estates, filing Partial Accounts for the three estates on February 13, 2018.

James Music held a life insurance policy ("the policy") through the Hartford Life Insurance Company.[3] The beneficiary designation attached to the policy designated Suni Music as the primary beneficiary and Mylee music as the contingent beneficiary, both requiring survival of James as a condition precedent to receipt of the policy proceeds.[4] Suni and Mylee Music did not survive James by 120 hours. Relevantly, the policy states:

---

[1] See Ms. Noble's Memorandum Contra, Exhibit A.
[2] James Olson subsequently passed away. Ellen Olson is the fiduciary for James' estate.
[3] See Ms. Noble's Memorandum Contra, Exhibit C.
[4] See Ms. Noble's Memorandum Contra, Exhibit B.

2

> If no beneficiary is named, or in no named beneficiary survives you, We may, at Our option pay:
> 1. The executors or administrators of Your estate;
> 2. All to Your surviving spouse;
> 3. If Your spouse does not survive You, in equal shares to Your surviving children; or
> 4. If no child survives You, in equal shares to Your surviving parents.

(The Policy, Page 22).

The life insurance benefit in the amount of $251,229.00 was incorrectly paid to the estate of Suni Music without consideration of the Uniform Simultaneous Death Act, specifically R.C. §§2105.32, 2105.33, or 2015.36. James' parents, Joyce and Bud Music filed Exceptions to the Partial Accounts March 21, 2018, on the basis that Suni Music was not entitled to the policy proceeds because she did not meet the requirement for survival of James Music under Ohio law.

At the time the Exceptions were filed, a copy of the policy (i.e., the governing instrument) was not available. Since receiving the policy, it was confirmed (and conceded by Ms. Noble) that the policy does not have any specific language which would operate to overcome the presumption of order of death under R.C. 2105.32 or R.C. 2105.33.

### III. LAW AND ARGUMENT

**A. Under Ohio law, Suni Music predeceased James Music. Per the terms of the governing instrument, any policy benefits should have been paid to the Estate of James Music or James Music's parents.**

Prevailing Ohio case law and the plain language of the Uniform Simultaneous Death Act confirms as the application of R.C. 2105.31 through R.C. 2105.40 to life insurance policies and other "contracts". Ms. Noble's entire argument to the contrary is expired and incorrect.

With the public's more frequent use of non-probate estate planning mechanisms, the Ohio legislature followed suit by expanding the probate court's jurisdiction to include actions involving non-probate transfers of assets and expanding other statutes beyond simple application to wills and traditional "estate" matters. One statute expanded in accordance with the Uniform Probate Code

3

was the Uniform Simultaneous Death Act: R.C. §2105.31 through R.C. §2105.40. Under the Uniform Simultaneous Death Act, R.C. §2105.31 defines "governing instrument" as :

> [A] deed, will, trust, **insurance or annuity policy**, account with a transfer-on-death designation or the abbreviation TOD, account with a payable-on-death designation or the abbreviation POD, transfer-on-death designation affidavit, pension, profit-sharing, retirement, or similar benefit plan, instrument creating or exercising a power of appointment or a power of attorney, or a dispositive, appointive, or nominative instrument of any similar type.

R.C. 2105.31(B). *See e.g.*, Unif. Prob. Code §2-706(a)(8) defining "'surviving' in the phrase 'surviving beneficiaries' or 'surviving descendants', means beneficiaries or descendants who neither predeceased the decedent nor are deemed to have predeceased the decedent under Section 2-702 (analogous to R.C. 2105.33)".

R.C. 2105.32, broadens the application of the determination of presumption of death beyond the "estate" (in repealed Section 10503-18) to include "…title to real or personal property or the devolution of real or personal property depends upon a person's survivorship of the death of another person…" *See* former statute R.C. 2105.32(A)(1)[5]. Also applicable is R.C. 2105.33, which speaks to an individual's survival of a specified "event", including the death of an individual. For entitlement to the policy proceeds, Suni and Mylee Music were required to survive the "event" of the death of James Music, as explained in the policy and beneficiary designation, which are the governing instruments.

The version of R.C. 2105.33 in effect as of December 24, 2016 states:

Except as provided in section 2105.36 of the Revised Code, a person who is not established by clear and convincing evidence to have survived a specified event by one hundred twenty hours is deemed to have predeceased the event for purposes of a provision of a governing instrument that relates to the person surviving an event.

---

[5] Cited and re-printed in Ms. Noble's Memorandum Contra, pg. 7.

4

The statute was clarified in 2016 stating what was implicit in the above version, that the "event" included "the death of another person". R.C. 2105.33. Under the Uniform Simultaneous Death Act, in order for Suni Music's estate to rightfully retain the proceeds of the life insurance policy, she would have had to survive the death of James Music by at least 120 hours. The undisputed fact is that she did not and therefore is not entitled to benefit from the policy.

While the Musics' position is correct on a legal basis, the policy behind the "presumption of order of death" statute as illustrated in *dicta* in *In re: Estate of Tertel v. Tertel* (6th Dist. No. L-83-286), 1984 Ohio App. Lexis 9008, is also compelling:

> The purpose of the statute, in the case of one who dies testate, is to prevent the named legatee or devisee who survives the testator, but whose survival is less than the statutory requirement of 30 days, from inheriting the legacy or devise of the testator. **This purpose is premised upon a theory that such a named legatee or devisee could have no need or use of the devise or legacy of the testator since the legatee's or devisee's survival of the testator was so short**. The statute, therefore, precludes the inheritance of both the testator's and legatee's or devisee's estates by the heirs of the devisee or legatee.

*Tertel,* *6 (citations omitted). (Emphasis added). *See also, In re Estate of Wall* (7th Dist. No. 16 MA 0023), 2017-Ohio-5713; Edward C. Halbach, Jr. & Lawrence W. Waggoner, The UPC's New Survivorship and Antilapse Provisions, 55 Alb. L. Rev. 1091, 1095-96 (1992) (explaining that the survival requirement better serves the decedent's intent because the person who dies within 120 hours of the decedent will not likely receive any personal benefit from the property and thus, the property should go to the decedent's heirs or devisees instead of the deceased beneficiary's heirs or devisees).

Finally, this Court cannot ignore the single Ohio case interpreting the "new" presumption of death statute, *In re Estate of Wall, supra.* In *Wall,* daughter passed away unexpectedly, with mother passing away less than 120 hours later. Daughter had a will, which did not name her siblings as beneficiaries of her estate. Son filed exceptions to the daughter's estate inventory

5

stating that the assets thereon were improperly listed because they should have gone to the mother's estate on the basis that the mother survived the daughter. The trial court applied R.C. §2105.32, holding that the mother's estate was precluded from inheriting from the daughter's estate because she was deemed to have predeceased her. *Id.*, ¶2-¶4. The appellate court affirmed the trial court opinion, expressly rejecting the argument that language resembling "if she survives me", without more, is not the specific language contemplated in R.C. 2105.36 to form an exception and therefore is not sufficient to overcome the presumption of death. *Id.*, ¶11-¶16. *See also* Unif. Prob. Code §2-706.

Given the obvious application of R.C. 2015.32 and R.C. 2015.33 to the instant circumstances, Suni Music and Mylee Music are deemed to have pre-deceased James Music. Accordingly, the funds cannot be rightfully retained by the estate of Suni Music and should be ordered to be deposited to the Estate of James Music for further and final administration.

### B. Ms. Noble's reliance on expired case law should be disregarded.

The sum of Ms. Noble's argument is that R.C. 2015.32 does not apply to contracts, such as a life insurance policy. As detailed in Section III(A) of this Brief, Ms. Noble's reliance on *In re Thatcher's Estate*, (Franklin County Prob. Ct.), 1933 Ohio Misc. LEXIS 1781 and *In re: Gilger's Estate*, 109 N.E. 2d 333 (Ohio Prob. 1952) is misplaced in that the statute relied upon in these outdated cases is substantially narrower than R.C. §2105.32 and R.C. §2105.33. In both *Thatcher* and *Gilger*, the distinguishing factor is the plain language of the controlling statute. The court relies on the specific language "estate" in Section 10503-18 of the General Code. *Thatcher*, *5-*6; *Gilger*, 336. R.C. §2105.32, *et seq.* specifically refer to the "governing instrument", which is defined as a variety of contractual documents, including insurance policies. Ms. Noble's memorandum contra contains no relevant legal support. As the facts are not in dispute, Ms.

Case Nos. 582640, 582638, 582639

Noble's opposition must be overruled and the Musics' Exceptions granted. Accordingly, this Court should order the policy funds to be deposited into the estate of James Music for further administration.

## IV. CONCLUSION:

The law is clear and settled. Neither Suni Music, nor Mylee Music survived James Music by the one hundred and twenty hours required under Ohio law to receive a vested interest in his life insurance policy. As such, the policy proceeds should be paid to James Music's estate, or directly to his parents via the terms of the insurance contract. For the foregoing reasons, this Court should grant the Exceptions and order that the proceeds of the life insurance policy be deposited into the Estate of James Music for further administration.

Respectfully submitted,

_____
Adriann S. McGee (0085731)
REMINGER CO., L.P.A.
200 Civic Center Drive, Ste. 800
Columbus, OH 43215
T: 614-232-2442
F: 614-232-2410
E: amcgee@reminger.com
*Counsel for Joyce Music & Bud Music*

Case Nos. 582640, 582638, 582639

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing document was served via electronic and regular U.S. Mail on this 10th day of May, 2018, to:

Chuck Bendig, Esq.
4937 West Broad Street
Columbus, OH 43228
*Counsel for Cynthia Noble*

Kacie Waugh
3083 Columbus Street
Grove City, Ohio 43123
kw@waughlawllc.com
*Counsel for the Estates*

Ellen Olson
2326 East River Road
Grand Island, NY 14072
*Fiduciary for Estate of James Olson*

Adriann S. McGee    (0085731)