# United States District Court
# Southern District of Ohio
# Eastern Division

**JOYCE MUSIC, et al.,**
**Plaintiffs**

**v.**                               **2-18-cv-492**
                                     **JUDGE SMITH**
                                     **MAGISTRATE JUDGE VASCURA**

**TRACI CLEMENS, ADMINISTRATOR, et al.,**
**Defendants.**

**Traci Clemens, ADMINISTRATOR**
**Estate of James Music**
**c/o Kacie Waugh Attorney**
**3083 Columbus St**
**Grove City, Ohio 43123**

**Hartford Life and Accident Insurance Company**
**One Hartford Plaza**
**Hartford CT 06155**

## Defendant Cynthia Noble's Third-Party Complaint

1. James Music, Suni Music, husband and wife, and Mylee Music, their daughter, residents of Franklin County, Ohio, were on interstate 270, in Franklin County, Ohio, on December 24, 2016. An intoxicated driver came across the median strip causing a violent collision between the vehicles. Time of crash was 15:40.

2. James Music was pronounced dead at the hospital on December 24, 2016 at 16:21.

3. Suni Music was pronounced dead at the hospital December 24, 2016 at 17:05. The autopsy shows catheters, chest tubes, EKG pads; all showing treatment received at the hospital.

4. Mylee Music lived for approximately 12 hours and was pronounced dead at the hospital December 25, 2016 at 03:02, after efforts to save her.

5. James Music, other than his wife and daughter, had two surviving parents, Joyce Music and Ernest (Bud) Music, and a brother Dallas Music. He had no will; his net estate will be payable to Joyce Music and Ernest (Bud) Music in equal shares. An estate was opened in Franklin Count Probate Court Case number 582640. All heirs waived the first right to Administer and consented to Traci Clemens as Administrator of his estate.

6. Suni Music, other than her daughter, had two surviving parents, Cynthia Noble and James Olson, a brother Chris Olson, and a sister Traci Clemens. She had no will; her net estate will be payable to Cynthia Noble and James Olson in equal shares. (James Olson is now deceased; his widow Ellen Olson will receive his share). An estate was opened in Franklin County Probate Court Case number 582638. All heirs waived the first right to Administer and consented to Traci Clemens as Administrator of her estate.

7. At the time of their deaths, there was a Life Insurance policy through Defendant Hartford Life and Accident Insurance Company (hereafter Hartford),

insuring all three decedents. The Hartford Life Insurance sent two contracts, for the same policy number, with the same contract language, only different page numbers. This policy is controlled by ERISA as an employee benefit plan for Kokosing Construction Co employees, and is subject to this federal law. (Hartford contract, Page 48, policy 1; page 38, policy 2).

8. The policy insured the life of James Music, and had a death beneficiary to his wife, Suni Music first beneficiary; and his daughter, Mylee Music alternate beneficiary.  The Estate of Suni Music filed a claim, as beneficiary of the policy for the life of James Music, with the knowledge of the estate of James Music. The Estate of James Music filed a claim as beneficiary of the policy for the life of Suni Music and for the life of Mylee Music. The Estate of James Music did not file a competing claim as beneficiary of the policy for the life of James Music. Hartford received verifying documents and paid $251,229.00 as benefits to the Suni Music estate, and $63,808.84 as benefits to the James Music estate.

9. Hartford under its insurance contract, and as required by ERISA determined that that wife "survived" the decedent. Under its interpretation of its policy, 100% of the proceeds of the policy for the life of James Music were payable to the decedent wife's estate. (Hartford contract, Page 22, policy 1; page 31, policy 2).

10. The contract states Hartford has full discretion and authority to determine eligibility, and construe and interpret all terms and provisions of the policy. (Hartford contract, Page 23, policy 1; page 32, policy 2).

11. Joyce Music and Ernest (Bud) Music filed Exceptions to Partial Account in the Suni Music estate on March 21, 2018.

12. Cynthia Noble, a beneficiary of the Suni Noble estate, was not named as a party or served with a Summons in the Exceptions to Partial Account. She was sent a copy of the Exceptions to Partial Account by the attorney for Joyce Music and Ernest (Bud) Music.

13. The Exceptions to Partial Account were not filed by the Defendant Administrator for the Estate of James Music, Traci Clemens.

14. The Exceptions to Partial Account alleged the Estate of James Music was the proper beneficiary of the policy for the life of James Music, objecting to the death benefit of $251,229.00 paid to the Estate of Suni Music, arguing **ORC 2105.32** applied to this contract.

15. Defendant Cynthia Noble entered an appearance in the Estate of Suni Music on May 3, 2018, claiming status as a real party in interest, and opposing the Exceptions to Partial Account filed on March 21, 2018.

16. The hearing scheduled for May 14, 2018, was converted to a status conference, and dates for discovery, stipulations, and motions, were scheduled by the Court Magistrate.

17. Third Party Plaintiff Cynthia Noble states the Estate of Suni Noble has been finally determined, and paid, as the beneficiary of the Hartford policy, and any claims by the Defendant Estate of James Music, or its beneficiaries of breach of contract by Hartford, must be against Defendant Hartford, and paid by Defendant Hartford to Defendant Estate of James Music.

18. Third party Plaintiff Cynthia Noble states pursuant to Rule 14, and Rule 19, of the **Federal Rules of Civil Procedure**, third party defendants are properly joined as real parties in interest. Defendant Hartford is liable for any damages caused by breach of its insurance contract. Defendant Estate of James Music is the real party in interest owed these alleged damages, not Plaintiffs Joyce Music and Ernest (Bud) Music. In these parties' absence, the court cannot provide complete relief among existing parties.

                                         **/s/Charles Bendig (00199340**
                                         Charles H. Bendig, Esq. (#0019934)
                                         Attorney for Cynthia Noble
                                         Defendant and Third-Party Plaintiff

## **Certificate of service**

The undersigned hereby certifies that on May 25, 2018, the above was served upon ALL PARTIES IN THESE PROCEEDINGS.

    Adriann S. McGee (0085731)
    amcgee@reminger.com
    Attorney for Plaintiffs' Joyce Music and Ernest (Bud) Music.

    Kacie Waugh (0090589)
    kw@waughlawllc.com
    Attorney for Defendant administrator
    Estate of James Music and
    Estate of Suni Music.

    _/s/Charles Bendig (00199340__
    Charles H. Bendig, Esq. (#0019934)
    Attorney for Cynthia Noble