# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOYCE MUSIC, *et al.*,

      Plaintiffs,

   v.

TRACI M. CLEMENS,
Administrator of the Estate of Suni Music,
*et al.*,

      Defendants.

Case No. 2:18-cv-492
Judge George C. Smith
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

This case arises out of the Exceptions to Partial Account to the Estate of Suni Music filed by Ernest and Joyce Music in an underlying probate action currently pending in the Probate Court of Franklin County, Ohio. Cynthia Noble, a beneficiary of Suni Music's estate, subsequently removed the Exceptions to this Court, relying on federal jurisdiction conferred by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132. This matter is before the undersigned for a Report and Recommendation on Plaintiff's Motion to Remand (ECF No. 8) and the Response in Opposition of Traci Clemens, as Administrator of the Estate of Suni Music, and Cynthia Noble (ECF No. 14). For the reasons that follow, it is **RECOMMENDED** that the Motion to Remand (ECF No. 8) be **GRANTED** and that this case be **REMANDED** to the Franklin County Probate Court.

# I. BACKGROUND

On December 24, 2016, husband and wife James Music and Suni Music, as well as their daughter, Mylee Music, were traveling in a vehicle on Interstate 270 in Franklin County, Ohio, when they were struck by an intoxicated driver. Tragically, all three family members died as a result of the collision. Mr. Music was pronounced dead at 4:21 PM; Mrs. Music was pronounced dead at 5:05 PM; and Mylee Music was pronounced dead on 3:02 AM on December 25, 2016. Mr. Music was survived by his parents, Joyce Music and Ernest (Bud) Music, and his brother Dallas Music. Suni Music was survived by her parents, Cynthia Noble and James Olson, her brother Chris Olson, and her sister Traci Clemens. Mylee was survived by her grandparents. Following the Music's deaths, three separate estates were opened in the Franklin County Probate Court.

At the time of his death, James Music was insured by a life insurance plan sponsored by his employer, Kokosing Construction Company, Inc., and administered by Hartford Life and Accident Insurance Company ("Hartford"). The insurance plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. The insurance plan provided that, upon James Music's death, benefits would be distributed to the listed beneficiary. According to Ernest and Joyce Music, if the listed beneficiary predeceased James Music, the benefits would be distributed to his next of kin. (Exceptions to Partial Account, ECF No. 1-3.)[1] The listed beneficiary on James Music's plan was Suni Music. Following James Music's death, Hartford determined that he was survived by

---

[1] Although the parties did not include the policy with their briefing on the instant motion, Third-Party Defendant Hartford has attached a copy of the policy to its Motion to Dismiss the Third-Party Complaint of Cynthia Noble. (ECF Nos. 20-2, 20-3.) The policy in fact provides that, should James have no surviving spouse or children at the time of his death, Hartford may, at Hartford's option, pay the proceeds either to the administrator of James's estate or to James's surviving parents. (*Id.* at PAGEID #180–81, 221–22.)

Suni Music, and thus paid the entirety of the death benefits, totaling $251,229.00, to the Estate of Suni Music.

In accordance with Ohio Revised Code § 2109.30, the fiduciary of the Estate of Suni Music filed a Partial Account on February 13, 2018, identifying the proceeds of James Music's life insurance plan remaining in the fiduciary's hands. On March 21, 2018, Joyce and Ernest Music filed Exceptions to Partial Account ("Exceptions") as interested parties. In the Exceptions, Joyce and Ernest Music contend that Ohio Revised Code § 2105.32 governs the payment of death benefits to surviving beneficiaries, who must survive the decedent by more than 120 hours. Because Suni Music did not survive James Music by more than 120 hours, Joyce and Ernest Music argue that Hartford improperly paid benefits to the Estate of Suni Music, and that the funds should be included in the Estate of James Music.

On May 17, 2018, Cynthia Noble removed the Exceptions to this Court on the basis of federal question jurisdiction. (ECF No. 1.)[2] In her Notice of Removal, Ms. Noble contends that the insurance plan is governed by ERISA, that Joyce and Ernest Music seek to enforce their rights under ERISA, and that removal is proper under the doctrine of complete preemption.

On June 5, 2018, Joyce and Ernest Music filed the subject Motion to Remand, asserting that Ms. Noble did not timely remove the Exceptions, that the Exceptions are not a civil action and thus cannot be removed, that Ms. Noble is not a "defendant" in the probate action and thus lacks standing to remove the Exceptions, that this Court does not have subject matter jurisdiction pursuant to the "probate exception," and that this Court would not have original jurisdiction over this matter.

---

[2] Although the Notice of Removal also lists as defendants "Traci M. Clemens, Adm Estate of James Music" and "Traci M. Clemens, Adm Estate of Suni Music," Cynthia Noble is identified as the only removing Defendant. (ECF No. 1 at 1.)

## II. ANALYSIS

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The party seeking removal bears the burden of establishing its right thereto. *Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). All doubts as to the propriety of removal are resolved in favor of remand. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

For a removal to be proper, "[a] defendant" must file it. 28 U.S.C. § 1446(a). For removal purposes, a defendant is the party against whom a claim is asserted for some affirmative relief. *In re Estate of Lewis*, No. 1:06-cv-562, 2006 U.S. Dist. LEXIS 88556, at *12 (W.D. Mich. Dec. 7, 2006). The consensus among district courts across the country is that the term "defendant" does not extend to a non-party having an interest in the proceedings. *Cmty. Ins. Co. v. Rowe*, 85 F. Supp. 2d 800, 809 (S.D. Ohio 1999) ("It is axiomatic that a non-party has no right to remove the litigation from state court to federal court."); *New Mexico ex rel. Balderas v. Valley Meat Co., LLC*, No. CIV 14-1100 JB/KBM, 2015 WL 3544288, at *23 (D.N.M. May 20, 2015) (collecting cases and noting that "[i]t is unlikely that Congress accidentally used the term 'defendant' seventeen times [in § 1446] if it really meant 'person with an interest in the litigation.'").

Ms. Noble, although she may have an interest in Suni Music's estate, is not a "defendant" in the probate action. She was identified as an heir of Suni Music's estate and was served with a copy of the Administrator's Partial Account, as required by Ohio Revised Code § 2109.32; and when Joyce and Ernest Music filed the Exceptions to her daughter Traci's Partial Account of

4

Suni's estate, Ms. Noble filed a memorandum contra the Exceptions. But her memorandum contra does not transform her into a "defendant."

No one in the probate action is seeking affirmative relief from Ms. Noble. At most, other individuals claim an interest in the assets of Suni's estate, to which Ms. Noble might otherwise be entitled. But there is no possibility of a judgment (or its functional equivalent) being entered against Ms. Noble in the probate action; she cannot be required to pay any money or to take or to refrain from taking any action. The Court thus concludes that Ms. Noble is not a defendant and therefore lacks standing to remove the Exceptions to this Court.[3]

### III. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Motion to Remand (ECF No. 8) be **GRANTED** and that this case be **REMANDED** to the Franklin County Probate Court.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

---

[3] The Court finds Ms. Noble's status as a non-party to the probate action dispositive; thus, the undersigned need not, and does not, resolve the alternative bases Joyce and Ernest Music assert in support of remand.

5

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE