IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOYCE MUSIC**, *et al.*,

      **Plaintiffs,**

vs.                                                           Case No.: 2:18-cv-492
                                                                **JUDGE GEORGE C. SMITH**
**TRACI M. CLEMENS,**                               **Magistrate Judge Vascura**
**Administrator of the Estate**
**of Suni Music,** *et al.*,

      **Defendants.**

## ORDER

On October 2, 2018, the United States Magistrate Judge issued a *Report and Recommendation* recommending that Plaintiffs' Motion to Remand be granted and this case be remanded to the Franklin County Probate Court. (Doc. 25, *Report and Recommendation*). The parties were advised of their right to object to the *Report and Recommendation*. This matter is now before the Court on Plaintiff Joyce Music's and Defendants' Objections to the *Report and Recommendation*. (*See* Docs. 27 and 29). The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

A district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings while legal conclusions are reviewed under the more lenient "contrary to law" standard. *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994). "[A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

committed." *Eversole v. Butler County Sheriff's Office*, No. C-1-99-789, 2001 U.S. Dist. LEXIS 26894, at *2 (S.D. Ohio August 7, 2001) (Beckwith, J.) (sustaining objections to magistrate judge's order rejecting claim of attorney-client privilege and work-product) (citation omitted). The District Court Judge's review under the "contrary to law" standard is "plenary," and it "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee,* 785 F.Supp. at 686 (citations omitted). It is with these standards in mind that the Court reviews the Magistrate Judge's *Report and Recommendation.*

The Magistrate Judge carefully considered all the arguments of the parties submitted in the briefing on the Motion to Remand. The Magistrate Judge concluded that Ms. Cynthia Noble, who removed the Partial Account and Exceptions filed in the Franklin County Probate Court, is not a defendant in the probate action and therefore lacks standing to remove the Exceptions to this Court. (Doc. 25 at 5).

Defendants generally argue that the Court should delay ruling on this issue until ruling on the pending Motion to Consolidate. (Doc. 19). Defendants assert that the issues and legal questions in both cases are related and it would be judicially efficient to consolidate the cases. (Doc. 29). The Court agrees that the issues are related and will address the related case in a subsequent order. However, as to this case, the Court agrees with the reasoning of the Magistrate Judge in the *Report and Recommendation* that Ms. Noble was not a defendant in the probate action. She was merely identified as an heir in the probate action. Accordingly, Ms. Noble lacked standing to remove the Exceptions in the probation action to this Court. Defendants' objections to the Magistrate Judge's *Report and Recommendation* are therefore

**OVERRULED** and Plaintiffs' Motion to Remand is **GRANTED**.

Plaintiffs also filed an objection because the *Report and Recommendation* did not mention or rule on their Motion for Attorney Fees. (Doc. 27). In Plaintiffs' Motion for Remand they request an order of costs, expenses, and attorney's fees incurred in pursuing the motion to remand, pursuant to 28 U.S.C. §1447(c). (*See* Doc. 8).

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." Although an award of fees is not automatic, it is within the broad discretion of the Court to award such fees when it is "fair and equitable under all the circumstances." *Morris v. Bridgestone/Firestone, Inc*., 985 F.2d 238, 240 (6th Cir. 1993). An award of fees is appropriate "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Sixth Circuit has held that a finding of an improper purpose is not necessary to support an award. *Morris*, 985 F.2d at 240. Rather, it is a test of reasonableness that focuses on whether the removing defendant's position was "fairly supportable" under the law. *Hudson v. Supreme Enters., Inc.,* No. 2:06-cv-795, 2007 U.S. Dist. LEXIS 58280, *21 (S.D. Ohio 2007) (Marbley, J.).

The Court finds that Cynthia Noble lacked any basis for removal as she is not even a defendant in the probation action that she removed. Further, Plaintiffs notified Ms. Noble's counsel upon receipt of the Notice of Removal and allowed her time to withdraw the motion, but she refused to do so. Therefore, because Ms. Noble lacked any reasonable basis for removal of this action, Plaintiffs' objection is **SUSTAINED** and Plaintiffs' Motion for costs, expenses, and attorney's fees is **GRANTED**. The parties are encouraged to reach an agreement regarding the

appropriate amount of fees and costs to be awarded. If the parties are unable to reach such an agreement, Plaintiffs shall submit documentation of all such fees, expenses and costs requested **within 30 days of this Order**.

The Clerk of this Court shall hereby remand this matter back to the Franklin County Probate Court. All other pending motions are hereby **MOOT**. The Clerk of this Court shall remove Documents 8, 15, 19, 20, 25, 27, and 29 from the Court's pending motions list.

      **IT IS SO ORDERED**.

/s/ *George C. Smith*  
**GEORGE C. SMITH, JUDGE**  
**UNITED STATES DISTRICT COURT**